**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

| | | |
|---|---|---|
| **1800HOTELS4U, LLC and** | **Case No.** | **8:10-bk-16648-CED** |
| **HAPPY DUCK LIMITED,** | **Case No.** | **8:10-bk-16655-CED** |

**Chapter 11 Cases**

    **Debtors.**
_____/

**1800HOTELS4U, LLC and**
**HAPPY DUCK LIMITED,**

    **Plaintiffs,**

v.                                                         **Adv. No.** _____

**GULLIVERS TRAVEL ASSOCIATES;**
**HOTELBEDS, SLU; YOUTRAVEL.COM SA;**
**TRAVCO, LLP; TOURICO HOLIDAYS, INC.;**
**THE MARK TRAVEL CORPORATION, d/b/a MARK**
**INTERNATIONAL; and HOTELCONNECT LIMITED;**

    **Defendant(s).**
_____/

**COMPLAINT FOR INJUNCTIVE**
**AND DECLARATORY RELIEF**

Plaintiffs, 1800HOTELS4U, LLC and Happy Duck Limited, (collectively "1800Hotels.com"), by and through their undersigned counsel, pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, Rule 65 of the Federal Rules of Civil Procedure, and Rules 4.05 and 4.06 of the Local Rules of the United States District Court for the Middle District of Florida, and other applicable law, hereby sues the Defendants, Gullivers Travel Associates; Hotelbeds, SLU; Youtravel.com SA; Travco, LLP; Tourico Holidays, Inc.; The Mark Travel Corporation d/b/a Mark International; and HotelConnect Limited, seeking declaratory, injunctive, monetary and other relief, and alleges as follows:

**Parties and Jurisdiction**

1. Plaintiff, 1800HOTELS4U, LLC, is a Florida Limited Liability Company engaged in the online travel business and is a Chapter 11 Debtor in the above-styled cases..

2. Plaintiff, Happy Duck Limited ("HDL"), is an Irish company who is a Chapter 11 Debtor in the above-styled cases having business operations centered in the United States as an online travel agency under the fictitious name "1800HOTELS", including operations within Florida through its wholly-owned subsidiary 1800HOTELS4U, LLC.

3. Both Plaintiffs, 1800HOTELS4U, LLC and HDL collectively do business as 1800Hotels.com and 1800Hotels.ie.

4. Defendant, Gullivers Travel Associates ("GTA"), is a foreign company that provides intermediary services to the Plaintiff, including hotel bookings and confirmations, transfer services, excursion services, among other things.

5. Defendant, Hotelbeds, SLU ("Hotelbeds"), is a foreign company that provides intermediary services to the Plaintiff, including hotel bookings and confirmations, transfer services, excursion services, among other things.

6. Defendant, Youtravel.com SA ("Youtravel.com"), is a foreign company that provides intermediary services to the Plaintiff, including hotel bookings and confirmations, transfer services, excursion services, among other things.

7. Defendant, Travco, LLP ("Travco"), is a foreign company that provides intermediary services to the Plaintiff, including hotel bookings and confirmations, transfer services, excursion services, among other things.

8. Defendant, Tourico Holidays, Inc., is a foreign company that provides intermediary services to the Plaintiff, including hotel bookings and confirmations, transfer

services, excursion services, among other things.

9. Defendant, The Mark Travel Corporation d/b/a Mark International ("Mark International"), is a foreign company that provides intermediary services to the Plaintiff, including hotel bookings and confirmations, transfer services, excursion services, among other things.

10. Defendant, HotelConnect Limited ("HotelConnect"), is a foreign company that provides intermediary services to the Plaintiff, including hotel bookings and confirmations, transfer services, excursion services, among other things.

11. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b). This is a core matter within this Court's exclusive jurisdiction pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §1409.

**Background and Operative Facts**

*The Agency Agreements*

12. On or about October 10, 2006, HDL and GTA entered into a Sales Agreement for Wholesale Clients, whereby GTA agreed to supply hotel accommodation and travel services to HDL ("HDL Agreement"). A true and accurate copy of the GTA Agreement is attached as **Exhibit 1**.

13. On or about October 30, 2008, HDL and Tourico entered into a Client Agreement, whereby Tourico agreed to provide HDL with access to Tourico's travel inventory database, including wholesale hotel, car, and cruise reservations, among other things (the "Tourico Agreement"). A true and accurate copy of the Tourico Agreement is attached as **Exhibit 2**.

14. On or about April 2, 2009, HDL and HotelConnect entered into a written

agreement whereby HotelConnect agreed to provide HDL access to its wholesale hotel reservation system (the "HotelConnect Agreement"). A true and accurate copy of the HotelConnect Agreement is attached as **Exhibit 3**.

15. On or about July 10, 2009, HDL and Youtravel.com entered into a Travel Agency Agreement, whereby Youtravel.com appointed HDL as its agent for the sales of accommodations supplied by Youtravel.com ("Youtravel Agreement"). A true and accurate copy of the Youtravel Agreement is attached as **Exhibit 4**.

16. On or about July 15, 2009, HDL and Hotelbeds entered into a XML Integration Agreement, whereby Hotelbeds agreed to provide travel services to HDL, including the request for availability, booking, and confirmation of the accommodation services ("Hotelbeds Agreement"). A true and accurate copy of the Hotelbeds Agreement is attached as **Exhibit 5**.

17. On or about October 7, 2009, HDL and Travco entered into a written agreement whereby Travco agreed to provide wholesale hotel accommodation to HDL ("Travco Agreement"). A true and accurate copy of the Travco Agreement is attached as **Exhibit 6**.

18. On or about October 7, 2009, HDL and Mark International entered into a written agreement whereby Travco agreed to provide HDL access to its wholesale hotel reservation system (the "Mark International Agreement"). A true and accurate copy of the Mark International Agreement is attached as **Exhibit 7**.

19. Collectively, the HDL Agreement, Tourico Agreement, Youtravel Agreement, Hotelbeds Agreement, Travco Agreement, Mark International Agreement, and HotelConnect Agreement shall be referred to herein as the "Agency Agreements".

*Operation of 1800Hotels.com*

20. Generally, the Agency Agreements set forth above, permitted 1800Hotels.com to be supplied with wholesale hotel accommodations and other travel services to be sold to 1800Hotels.com's customers through 1800Hotels.com and 1800Hotels.ie.

21. In turn, the respective wholesale supplier provides 1800Hotels.com's customers confirmation of the customer's travel arrangements, including hotel bookings, and would reserve such bookings for 1800Hotels.com's customers.

22. 1800Hotels.com's customers pay 1800Hotels.com directly for the travel arrangements, with payment to be made to the respective wholesale supplier by 1800Hotels.com pursuant to the respective Agency Agreements described above.

*Cancellation of 1800Hotels.com Customer's Future Travel Arrangements*

23. The Defendants assert 1800Hotels.com is indebted to them pursuant to the Agency Agreements for (i) booked past travel arrangements; and (ii) booked future travel arrangements.

24. Beginning on Friday, July 2, 2010 and continuing through the date of this Complaint, as a result of the alleged outstanding debt due to Tourico from 1800Hotels.com and in order to in order to offset the amounts due to Tourico from 1800Hotels.com, Tourico began cancelling booked future travel arrangements of 1800Hotels.com's customers, leaving such customers stranded at their travel destinations without accommodations.

25. Approximately 200 of 1800Hotels.com's customers were affected by Tourico's unilateral cancellation of the booked future travel arrangements.

26. In order to mitigate any harm caused by Tourico's cancellations, 1800Hotels.com began re-booking its customers' travel arrangements through GTA.

27. Beginning on Friday, July 9, 2010, as a result of the alleged outstanding debt due to GTA from 1800Hotels.com and in order to in order to offset the amounts allegedly due to GTA from 1800Hotels.com, GTA also began cancelling booked future travel arrangements of 1800Hotels.com's customers, leaving such customers stranded at their travel destinations without accommodations.

28. The travel arrangements of more than 1,800 of 1800Hotels.com's customers have been or will be affected by GTA's unilateral cancellation of the booked future travel arrangements. A true and correct copy of a sampling of e-mails from 1800Hotels.com's customers regarding the cancellations is attached as **Exhibit 8.**

29. Hotelbeds has also threatened to cancel booked future travel arrangements of 1800Hotels.com's customers in order to offset amounts allegedly due to Hotelbeds from 1800Hotels.com, which action threatens to leave additional customers stranded at their travel destinations without accommodations.

30. Upon information and belief, the remaining Defendants may also take self-help action to cancel the booked future travel arrangements of 1800Hotels.com's customers in order to offset the amounts allegedly due to the Defendants from 1800Hotels.com.

31. The above actions, to the extent designed to offset the amounts due and owing the Defendants pre-petition, are in violation of the automatic stay and act to interfere with 1800Hotels.com's business relationships..

# COUNT I
## (Declaratory Relief)

32. Plaintiffs, 1800HOTELS4U, LLC and Happy Duck Limited, reallege and incorporate by reference paragraphs 1 through 31, as if restated and set forth more particularly herein.

33. This is an action for declaratory relief pursuant to Chapter 86, Florida Statutes, and 28 U.S.C. 2201.

34. As set forth above, in order to offset amounts due and owing the Defendants by 1800Hotels.com, the Defendants have either taken actions to cancel future travel arrangements of 1800Hotels.com's customers or may potentially take such actions, leaving such customers stranded at their travel destinations without accommodations.

35. These actions in cancelling confirmed booked and paid for reservations are either acts in violation of the Agency Agreements or violative of the automatic stay arising from the provisions of 11 U.S.C. § 362.

36. There is a bona fide, actual, present practical need for a declaration by this Court as the parties are in doubt as to their rights with respect to the Agency Agreements.

37. The declaration sought herein deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts, and is not sought merely as an advisory opinion or propounded from curiosity.

38. 1800Hotels.com's rights are dependent upon the facts or the law applicable to the facts.

39. The Defendants have, or reasonably may have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law, and such adverse interests are all before the Court.

40. 1800Hotels.com has engaged counsel to prosecute these claims and is entitled to be reimbursed a reasonable attorneys fee in conjunction therewith.

WHEREFORE, 1800HOTELS4U, LLC and Happy Duck Limited respectfully request this Court grant declaratory relief and enter a declaratory judgment declaring the respective rights of the parties with respect to the Agency Agreements and for such other and further relief as this Court deems just and appropriate.

## COUNT II
### (Preliminary and Permanent Injunction)

41. Plaintiffs, 1800HOTELS4U, LLC and Happy Duck Limited, reallege and incorporate by reference paragraphs 1 through 31, as if restated and set forth more particularly herein.

42. This is an action for preliminary and permanent injunction pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, Rule 65 of the Federal Rules of Civil Procedure, and Rule 4.06 of the Local Rules of the United States District Court for the Middle District of Florida.

43. 1800Hotels.com seeks a preliminary injunction, mandating the Defendants (i) cease cancellations of the booked future travel arrangements of 1800Hotels.com's customers and (ii) reinstate all booked future travel arrangements of 1800Hotels.com's customers that have already been cancelled.

44. Cancellation of booked future travel arrangements of 1800Hotels.com's customers is in violation of the Agency Agreements, and will result in substantial harm to 1800Hotels.com's business operations.

45. The Defendants unauthorized cancellation of the booked future travel arrangements of 1800Hotels.com's customers is resulting in customers stranded at their travel destinations without accommodations.

46. To date, more than 3600 of 1800Hotels.com's customers have been effected by GTA and Tourico's cancellations.

47. If the Defendants are permitted to cancel the booked future travel arrangements of 1800Hotels.com's customers, 1800Hotels.com will suffer irreparable harm, in that such actions will result in damages to the 1800Hotels.com and 1800Hotels.ie brands.

48. Enjoining the continued unauthorized cancellation of booked future travel will serve the public interest by protecting innocent travelers from being stranded without accommodations at their travel destinations, and will protect the 1800Hotels.com and 1800Hotels.ie brands and any and all goodwill arising from Plaintiffs' business system.

49. All conditions precedent to the commencement of this proceeding have been satisfied or have otherwise been waived.

WHEREFORE, 1800HOTELS4U, LLC and Happy Duck Limited respectfully request this Court grant injunctive relief addressing the rights of the parties to the Agency Agreements and the rights of the parties to the confirmed bookings of the Debtors' customers and enter a final judgment permanently mandating the Defendants (i) cease cancellations of the booked future travel arrangements of 1800Hotels.com's customers; (ii) reinstate all booked future travel arrangements of 1800Hotels.com's customers that have already been cancelled; and (iii) granting such other and further relief as this Court may deem just and proper.

## COUNT III
### (Breach of Contract against GTA and Tourico)

50. Plaintiffs, 1800HOTELS4U, LLC and Happy Duck Limited reallege and incorporate by reference paragraphs 1 through 31, as if restated and set forth more particularly herein.

51. GTA and Tourico's conduct described in this Complaint constitutes a material breach of the GTA Agreement and the Tourico Agreement, respectively.

52. As a direct and proximate result of GTA and Tourico's breach, 1800Hotels.com has suffered and continues to suffer irreparable injury, and have incurred substantial losses, fees, and expenses.

53. As a result of GTA and Tourico's breach, 1800Hotels.com has had to engage the undersigned counsel and obligate to pay it a fee for its services.

54. All conditions precedent to the commencement of this proceeding have been satisfied or have otherwise been waived.

WHEREFORE, 1800HOTELS4U, LLC and Happy Duck Limited respectfully request this Court enter a final judgment for damages and grant monetary and other relief with respect to breaches of the GTA Agreement and Tourico Agreement, awarding the fees and costs of bringing this proceeding and for such other and further relief as this Court deems just and appropriate.

## COUNT IV
### (Tortious Interference against GTA and Tourico)

55. Plaintiffs, 1800HOTELS4U, LLC and Happy Duck Limited reallege and incorporate by reference paragraphs 1 through 31, as if restated and set forth more particularly herein.

56. 1800Hotels.com has a business relationship with its customers.

57. GTA and Tourico have knowledge of 1800Hotels.com's business relationship with 1800Hotes.com customers.

58. By cancelling the booked future travel accommodations of 1800Hotels.com's customers, GTA and Tourico have intentionally and unjustifiably interfered with 1800Hotels.com's business relationship with 1800Hotels.com's customers.

59. As a direct and proximate result of GTA and Tourico's interference, 1800Hotels.com has suffered and is continuing to suffer irreparable injury, and has incurred substantial losses, fees, and expenses.

60. All conditions precedent to the commencement of this proceeding have been satisfied or have otherwise been waived.

WHEREFORE, 1800HOTELS4U, LLC and Happy Duck Limited respectfully request this Court enter a final judgment for damages and grant monetary and other relief with respect to the Defendants' tortious interference with 1800Hotels.com's customers' travel bookings and

awarding the fees and costs of bringing this proceeding and for such other and further relief as this Court deems just and appropriate.

Dated: July 13, 2010    SHUMAKER, LOOP & KENDRICK, LLP

By: /s/ Steven M. Berman
    **Steven M. Berman, Esq.**
    Florida Bar No.: 856290
    **Thomas M. Wood, Esq.**
    Florida Bar No. 10080
    **Seth P. Traub, Esq.**
    Florida Bar No.: 022088
    101 E. Kennedy Blvd., Suite 2800
    Tampa, Florida 33602
    Phone (813) 229-7600
    Facsimile (813) 229-1660
    *Attorneys for Plaintiffs*