UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**In re:**

| | | |
|---|---|---|
| **1800HOTELS4U, LLC and** | Case No. | **8:10-bk-16648-CED** |
| **HAPPY DUCK LIMITED,** | Case No. | **8:10-bk-16655-CED** |
| | **Chapter 11 Cases** | |
| **Debtors.** | | |
| _____/ | | |

**1800HOTELS4U, LLC and**
**HAPPY DUCK LIMITED,**

    **Plaintiffs,**

v.                                                                     Adv. No. **8:10-ap-00867-CED**

**GULLIVERS TRAVEL ASSOCIATES;**
**HOTELBEDS, SLU; YOUTRAVEL.COM SA;**
**TRAVCO, LLP; TOURICO HOLIDAYS, INC.;**
**THE MARK TRAVEL CORPORATION**
**d/b/a MARK INTERNATIONAL; and**
**HOTELCONNECT LIMITED;**

    **Defendant(s).**
_____/

**EMERGENCY VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND SUPPORTING MEMORANDUM OF LAW**

       Plaintiffs, 1800HOTELS4U, LLC and Happy Duck Limited (collectively "1800Hotels.com"), pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, Rule 65 of the Federal Rules of Civil Procedure, and Rule 4.05 of the Local Rules for the United States District Court for the Middle District of Florida, move this Court to issue a Temporary Restraining Order, effective for a period of fourteen (14) days or until a Preliminary Injunction can be considered by this Court, and states as follows:

1. Concurrently with this Motion, the Plaintiffs filed a four-count Complaint against the Defendants, Gullivers Travel Associates; Hotelbeds, SLU; Youtravel.com SA; Travco, LLP; Tourico Holidays, Inc.; The Mark Travel Corporation d/b/a Mark International; and HotelConnect Limited; alleging claims for declaratory relief, preliminary and permanent injunction, breach of contract, and tortious interference.

2. In order to obtain a temporary restraining order without notice pursuant to Local Rule 4.05 and Rule 65 of the Federal Rules of Civil Procedure, 1800Hotels.com must show: (1) a substantial likelihood of success on the merits; (2) that 1800Hotels.com will suffer irreparable injury unless an injunction issues; (3) that the threatened injury to 1800Hotels.com outweighs any damage the injunction may cause the Defendants; (4) that the injunction would not adversely effect the public interest; and (5) the irreparable injury is so imminent that notice and hearing on the application for preliminary injunction is impractical if not impossible. *The Chase Manhattan Bank v. The Dime Savings Bank of New York,* 960 F. Supp 275 (M.D. Fla. 1997).

3. As set forth in the Memorandum of Law below: (1) 1800Hotels.com has a substantial likelihood of success on the merits of its causes of action; (2) 1800Hotels.com will suffer irreparable harm if this Court does not enjoin the Defendants from continued unilateral cancellation of booked and paid-for future travel arrangements of 1800Hotels.com's customers; (3) the threatened injury to 1800Hotels.com outweighs the harm, if any, that the injunction may cause the Defendants; (4) the injunction would not adversely effect the public interest; and (5) the irreparable injury to 1800Hotels.com is so imminent that notice and hearing on the application for preliminary injunction is impractical if not impossible.

4. Accordingly, 1800Hotels.com is entitled to a temporary restraining order enjoining the Defendants from cancelling the booked and paid-for future travel arrangements of 1800Hotels.com's customers.

WHEREFORE, Plaintiffs, 1800HOTELS4U, LLC and Happy Duck Limited, move this Court for a temporary restraining order, effective for a period of fourteen (14) days, or until a Preliminary Injunction can be considered by this Court, enjoining the Defendants, Gullivers Travel Associates; Hotelbeds, SLU; Youtravel.com SA; Travco, LLP; Tourico Holidays, Inc.; The Mark Travel Corporation d/b/a Mark International; and HotelConnect Limited; from cancelling the booked and paid-for future travel arrangements of 1800Hotels.com's customers and reinstating all booked future travel arrangements of 1800Hotels.com's customers that have already been cancelled.

## MEMORANDUM OF LAW

**BACKGROUND AND OPERATIVE FACTS**

*The Parties*

1800HOTELS4U, LLC is a Florida Limited Liability Company engaged in the online travel business and is a Chapter 11 Debtor in the above-styled cases. Happy Duck Limited ("HDL") is an Irish company who is a Chapter 11 Debtor in the above-styled cases having business operations centered in the United States as an online travel agency under the fictitious name "1800HOTELS", including operations within Florida through its wholly-owned subsidiary 1800HOTELS4U, LLC. Both 1800HOTELS4U, LLC and HDL collectively do business as 1800Hotels.com and 1800Hotels.ie.

The Defendants, Gullivers Travel Associates ("GTA"), Hotelbeds, SLU ("Hotelbeds"), Youtravel.com SA ("Youtravel.com"), Travco, LLP ("Travco"), Tourico Holidays, Inc.

("Tourico"), The Mark Travel Corporation d/b/a Mark International ("Mark International"), and HotelConnect Limited ("HotelConnect"), are companies that provide intermediary services to the Plaintiffs, including hotel bookings and confirmations, transfer services, excursion services, among other travel-related services.

GTA is an English company with its principal place of business at Gullivers House, 27 Goswell Road, London, EC1M 7GT, England. Plaintiffs have primary contact with GTA through its CFO, Bill Keneally, and its General Counsel, Eric Block.

HotelConnect is an English company with its registered office at 28 St. Albans Lane, London, NW11 7QE, England. Plaintiffs have primary contact with HotelConnect through Michelle Lindsey, a Key Account Manager.

Travco is an English company with a principal address of Travco House, 92-94 Paul Street, London, EC2A 4UX, England. Plaintiffs have primary contact with Travco through its Sales Manager, George Marsellos.

Hotelbeds is a Spanish company with a registered office at Complejo Mirall Balear, Cami de Son Fangos, 100-Torre A, 5a, Planta, 07007 Palma de Mallorca, Spain. Plaintiffs have primary contact with Ho9telbeds through its Credit Control Manager, Sandra Chinappen.

Youtravel is a Greek company with a principal address of 76 Voriou Ipirou Street, Marousi 15125 Athens, Greece. Plaintiffs have primary contact with Youtravel through its Head of International Sales, Sofia Zournatzidi.

Mark International is a domestic company headquartered in Milwaukee, Wisconsin with its principal place of business at 8907 N. Port Washington Rd., Milwaukee, WI 53217. Plaintiffs have primary contact with Mark International through its Chief Operating Officer, Bill Lemaccia, Jr.

*The Agency Agreements*

On or about October 10, 2006, HDL and GTA entered into a Sales Agreement for Wholesale Clients, whereby GTA agreed to supply hotel accommodation and travel services to HDL ("HDL Agreement"). A true and accurate copy of the GTA Agreement is attached to the Complaint Exhibit 1.

On or about October 30, 2008, HDL and Tourico entered into a Client Agreement, whereby Tourico agreed to provide HDL with access to Tourico's travel inventory database, including wholesale hotel, car, and cruise reservations, among other things (the "Tourico Agreement"). A true and accurate copy of the Tourico Agreement is attached to the Complaint as Exhibit 2.

On or about April 2, 2009, HDL and HotelConnect entered into a written agreement whereby HotelConnect agreed to provide HDL access to its wholesale hotel reservation system (the "HotelConnect Agreement"). A true and accurate copy of the HotelConnect Agreement is attached to the Complaint as Exhibit 3.

On or about July 10, 2009, HDL and Youtravel.com entered into a Travel Agency Agreement, whereby Youtravel.com appointed HDL as its agent for the sales of accommodations supplied by Youtravel.com ("Youtravel Agreement"). A true and accurate copy of the Youtravel Agreement is attached to the Complaint as Exhibit 4.

On or about July 15, 2009, HDL and Hotelbeds entered into a XML Integration Agreement, whereby Hotelbeds agreed to provide travel services to HDL, including the request for availability, booking, and confirmation of the accommodation services ("Hotelbeds Agreement"). A true and accurate copy of the Hotelbeds Agreement is attached to the Complaint as Exhibit 5.

On or about October 7, 2009, HDL and Travco entered into a written agreement whereby Travco agreed to provide wholesale hotel accommodations to HDL ("Travco Agreement"). A true and accurate copy of the Travco Agreement is attached to the Complaint as Exhibit 6.

On or about October 7, 2009, HDL and Mark International entered into a written agreement whereby Travco agreed to provide HDL access to its wholesale hotel reservation system (the "Mark International Agreement"). A true and accurate copy of the Mark International Agreement is attached to the Complaint as Exhibit 7.

Collectively, the HDL Agreement, Tourico Agreement, Youtravel Agreement, Hotelbeds Agreement, Travco Agreement, Mark International Agreement, and HotelConnect Agreement shall be referred to herein as the "Agency Agreements".

### *Operation of 1800Hotels.com*

Generally, the Agency Agreements set forth above, permitted 1800Hotels.com to be supplied with wholesale hotel accommodations and other travel services to be sold to 1800Hotels.com's customers through 1800Hotels.com and 1800Hotels.ie. In turn, the respective wholesale supplier would provide 1800Hotels.com's customers confirmation of the customer's travel arrangements, including hotel bookings, and would reserve such bookings for 1800Hotels.com's customers with the ultimate travel accommodation provider. 1800Hotels.com's customers pay 1800Hotels.com directly for the travel arrangements, with payment to be made to the respective wholesale supplier by 1800Hotels.com pursuant to the respective Agency Agreements.

### *Cancellation of 1800Hotels.com Customer's Future Travel Arrangements*

The Defendants assert 1800Hotels.com is indebted to them pursuant to the Agency Agreements for (i) booked past travel arrangements; and (ii) booked future travel arrangements. Beginning on Friday, July 2, 2010, as a result of the alleged outstanding debt due to Tourico from 1800Hotels.com and in order to in order to offset the amounts allegedly due to Tourico from 1800Hotels.com, Tourico began cancelling booked future travel arrangements of 1800Hotels.com's customers, leaving such customers stranded at their travel destinations without any accommodations. Approximately two hundred (200) of 1800Hotels.com's customers have thus far been affected by Tourico's unilateral cancellation of the booked future travel arrangements.

In order to mitigate against any harm caused by Tourico's cancellations, 1800Hotels.com began re-booking its customers' travel arrangements through GTA. However, beginning on Friday, July 9, 2010, as a result of the alleged outstanding debt due to GTA from 1800Hotels.com and in order to in order to offset the amounts allegedly due to GTA from 1800Hotels.com, GTA also began cancelling booked future travel arrangements of 1800Hotels.com's customers, leaving such customers stranded at their travel destinations without accommodations. The travel arrangements of more than one thousand eight hundred (1,800) of 1800Hotels.com's customers have been or will be affected by GTA's unilateral cancellation of the booked future travel arrangements. A true and correct copy of a sampling of e-mails from 1800Hotels.com's customers regarding the cancellations is attached to the Complaint as Exhibit 8.

Hotelbeds has also threatened to cancel booked future travel arrangements of 1800Hotels.com's customers in order to offset amounts allegedly due to Hotelbeds from

1800Hotels.com, which action threatens to leave additional customers stranded at their travel destinations without accommodations. Upon information and belief, the remaining Defendants may also take self-help action to cancel the booked future travel arrangements of 1800Hotels.com's customers in order to offset the amounts allegedly due to the Defendants from 1800Hotels.com. The above actions, to the extent designed to offset the amounts due and owing the Defendants pre-petition, are in violation of the automatic stay and act to interfere with 1800Hotels.com's business relationships..

**BASIS FOR RELIEF**

**Legal Standard for Granting Temporary Restraining Order**

Courts have discretionary power to grant preliminary injunctive relief. *See Liberty Am. Ins. Group v. Westpoint Underwriters, LLC,* 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). In exercising that discretion, courts consider whether: (1) the movant has a substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury unless an injunction issues; (3) the threatened injury to the movant outweighs any damage the injunction may cause the opposing party; and, (4) the injunction would not adversely affect the public interest. *Haitian Refugee Center, Inc. v. Nelson,* 872 F.2d 1555, 1561 (11th Cir. 1989). "The elements necessary for a temporary restraining order are essentially the same, except that the 'motion must be supported by allegations … that such [irreparable] injury is so imminent that notice and hearing on the application for preliminary injunction is impractical if not impossible.'" *The Chase Manhattan Bank v. The Dime Savings Bank of New York,* 960 F. Supp 275 (M.D. Fla. 1997) *quoting* Local Rule, M.D. Fla., 4.05(b)(2).

The above factors "interrelate on a sliding scale and must be balanced against each other." *Howard v. Evans*, 193 F. Supp. 2d 221, 226 (D.C. Cir. 2002); *see also Smyth v. Rivero,*

282 F.3d 268, 276-77 (4th Cir. 2002). Thus, "a particularly strong showing on one factor may compensate for a weak showing on one or more of the other factors." *See Howard*, 193 F. Supp. 2d at 226. In this case, 1800Hotels.com satisfies their burden with respect to all four elements; therefore, this Court should grant this Motion for Temporary Restraining Order.

**The Motion for Temporary Restraining Order Should Be Granted**

*Immediate Irreparable Injury*

If 1800Hotels.com's Motion for Temporary Restraining Order is not granted, 1800Hotels.com will suffer immediate, irreparable injury. If the Defendants are permitted to continue to unilaterally cancel the booked and paid-for future travel arrangements of 1800Hotels.com's customers and to not reinstate already cancelled bookings, 1800Hotels.com and its customers will suffer irreparable harm in that such actions will result in damages to the 1800Hotels.com and 1800Hotels.ie brands as a consequence of 1800Hotels.com's customers being stranded at their travel destinations without accommodations. Indeed, the Defendants' unilateral cancellation of booked and paid-for future travel arrangements of 1800Hotels.com's customers are in violation of the Agency Agreements, act to interfere with 1800Hotels.com's business relationships, and, to the extent designed to offset the amounts due and owing the Defendants pre-petition, are in violation of the automatic stay.

*Substantial Likelihood of Success on the Merits*

In determining 1800Hotels.com's likelihood of success on the merits, this Court must consider the proper standard to be applied to the causes of action in the Complaint and the application of that standard to the facts of this case. *See Martinez v. School Bd. of Hillsborough County,* 675 F. Supp. 1574, 1583 (M.D. Fla. 1987). In addition to asserting a cause of action for

declaratory and injunctive relief against all Defendants to prohibit cancellation of booked and paid-for future travel arrangements of 1800Hotels.com's customers, 1800Hotels.com has asserted causes of action for breach of contract and tortious interference against GTA and Tourico as a result of the arrangements already cancelled.

Pursuant to the facts set forth in this Verified Motion and in the Complaint, 1800Hotels.com has a substantial likelihood of success on the merits in this matter. GTA and Tourico's conduct constitute material breaches of the GTA Agreement and Tourico Agreement, respectively. Indeed, none of the Agency Agreements allow the parties to cancel booked and paid-for future travel arrangements, even upon termination of the Agency Agreements.

By cancelling the booked and paid-for future travel arrangements of 1800Hotels.com's customers, GTA and Tourico have intentionally and unjustifiably interfered with 1800Hotels.com's business relationship with 1800Hotels.com's customers. The remaining Defendants' threats of cancellation and potential for self-help actions also may interfere with such business relationship. As a direct and proximate result of such interference, 1800Hotels.com has suffered, is continuing to suffer, and will suffer irreparable injury, and has incurred substantial losses, fees, and expenses.

### *Balance of Hardships*

The balance of hardships weigh in favor of granting the Motion for Temporary Restraining Order. 1800Hotels.com retains one of the largest hotel inventories in the business with approximately EU 160,000 in bookings per day. Unilateral cancellation of these bookings will result in irreparably damage to the 1800Hotels.com and 1800Hotels.ie brands as a consequence of leaving customers stranded at their travel destinations without accommodations. Comparatively, the Defendants rights to payment from 1800Hotels.com is preserved by the

provisions of the Agency Agreements and, upon filing of the bankruptcy petition, the provisions of the Bankruptcy Code.

Moreover, irreparable injury is so imminent in that notice and hearing on this Motion for Temporary Restraining Order is impractical, if not impossible. The harm to 1800Hotels.com's customers is imminent so long as the customers continue to travel and the Defendants continue to cancel future travel accommodations. Yet, because most of the Defendants are international companies, service upon the Defendants may take some time—time that the potentially stranded customers do not have. Cancellations are occurring every day affecting consumers' travel over these summer months. Accordingly, balancing the potential harm to 1800Hotels.com and its customers or the Defendants, the irreparable harm imposed upon 1800Hotels.com's international brand as a consequence of stranding its customers is significantly greater than the harm imposed against the Defendants, whose rights are preserved pursuant to the Agency Agreements and the Bankruptcy Code.

### *Public Interest*

The public interest is best served by granting the Motion for Temporary Restraining Order. Entry of a temporary restraining order enjoining the Defendants' continued or threatened cancellation of booked and paid-for future travel arrangements of 1800Hotels.com's customers will serve the public interest by protecting the 1800Hotels.com's customers from being stranded at their travel destinations without accommodations. Similarly, a temporary restraining order will protect the 1800Hotels.com and 1800Hotels.ie brands, and any and all goodwill arising from the 1800Hotels.com business system.

**Conclusion**

For the reasons set forth above, 1800Hotels.com will suffer immediate and irreparable injury unless an injunction issues, 1800Hotels.com has a substantial likelihood of success on the merits, the threatened injury to1800Hotels.com and its customers outweighs any damage the injunction may cause the Defendants, and the requested injunctive relief will not adversely affect the public interest. Accordingly, 1800Hotels.com is entitled to (i) a temporary restraining order mandating the Defendants cease cancellations of the booked future travel arrangements of 1800Hotels.com's customers and reinstating all booked future travel arrangements of 1800Hotels.com's customers that have already been cancelled, and (ii) an award of all other relief this Court deems just and proper.

Dated: July 13, 2010

SHUMAKER, LOOP & KENDRICK, LLP

By: /s/ Steven M. Berman
**Steven M. Berman, Esq.**
Florida Bar No.: 856290
**Thomas M. Wood, Esq.**
Florida Bar No. 10080
**Seth P. Traub, Esq.**
Florida Bar No.: 022088
101 E. Kennedy Blvd., Suite 2800
Tampa, Florida 33602
Phone (813) 229-7600
Facsimile (813) 229-1660
*Attorneys for Plaintiffs*

# VERIFICATION

I, Graham Peakin, do hereby swear and affirm that I am Chief Executive Officer of Happy Ducks Limited and the Managing Director of 1800HOTELS4U, LLC, and am competent to testify and verify, under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746, that the allegations contained in this Verified Motion for Temporary Restraining Order and Memorandum of Law are true and accurate to the best of my information, knowledge, and belief, and that, if called as a witness, I can testify to the same.

Dated: July 13, 2010

/s Graham Peakin
**Graham Peakin**
**Managing Director, 1800HOTELS4U, LLC**
**CEO, Happy Ducks Limited**